AMERICAN RAILWAY EXPRESS COMPANY *v.* DANIEL.

This case coming on for decision by a full bench of six Justices, on certiorari from the Court of Appeals, and Beck, P. J., and Atkinson and Hill, JJ., being of the opinion that the judgment of the Court of Appeals should be affirmed, and Russell, C. J., and Gilbert and Hines, JJ., being of the opinion that the judgment of the Court of Appeals should be reversed, the judgment of the Court of Appeals stands affirmed by operation of law.

No. 3684.  MARCH 1, 1924.

Certiorari; from Court of Appeals.  29 *Ga. App.* 780.

*Alston, Alston, Foster & Moise* and *Clarence E. Adams,* for plaintiff in error.

*Berry T. Moseley,* contra.

---

## VICKERS *v.* ROBINSON *et al.*

1. Where a resident of a county in this State institutes statutory proceedings in another county to distrain his alleged tenant for rent and to dispossess him for failure to pay rent, and the alleged tenant files statutory affidavits in all of such proceedings, in which he denies the relation of landlord and tenant, and alleges that he holds under the plaintiff in virtue of a contract of sale of the land, and such affidavits are returned to the court having jurisdiction in the county where such proceedings are instituted, the plaintiff by institution of such suits submits himself to the jurisdiction of the courts of that county; and in a proper case the defendant may institute an equitable suit in that county against the plaintiff to enjoin the prosecution of the suits, and in the same action seek other equitable relief such as a decree for specific performance of the contract for sale of the land.

2. Where a defendant in a statutory proceeding to distrain institutes against the alleged landlord an equitable suit of the character mentioned in the preceding note, the pendency of a prior equitable suit in another county is not cause for abatement, the last-mentioned suit being one instituted by the alleged vendor against the licensee of the alleged vendee to enjoin the cutting of timber on the land, in which the alleged vendee intervened and set up his equitable title, but did not pray to enjoin the pending suits.

3. The allegations on the subject of tender as mentioned in the corresponding division of the opinion were sufficient as against the grounds of demurrer to them.

4. The allegations of the petition set out in the corresponding division of the opinion were not subject to demurrer on the ground that they were argumentative and mere conclusions of the pleader.

5. A ground of demurrer to the petition stating:  "That all allegations in an effort to set up sale of said lands should be stricken, being too indefinite, too uncertain, being without consideration, and wholly unilat-